**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Jerome and Kimberly Tajc__

Address of Defendant: __Brian J. Mitchell__

Place of Accident, Incident or Transaction: __State Route 476 – Lehigh Valley Tunnel, Lehigh County, PA__
__I 476S__

---

***RELATED CASE, IF ANY:***

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/10/20__   ▷ _Must sign here_ _____   __36462__
_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Pamela A. Kron__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __6/10/20__   ▷ _Sign here if applicable_ _____   __36462__
_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

Brian J. Mitchell
304 Georgetown Ave. Gwinhurst
Wilmington, DE 19809

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Jerome and Kimberly Tajc
32 New Pond Lane
Levittown, PA 19054

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Donald A. Krain, Esquire
1845 Walnut St., 21st Fl.,
Phila, PA 19103
215-567-4777

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
6/10/20

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| Jerome and Kimberly Tajc | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| Brian J. Mitchell | : | NO. 2:20-CV-2727 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 6-10-20 | Donald A. Krain | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-567-4777 | 215-567-5700 | dkrain@feldmanshepherd.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jerome and Kimberly Tajc | : | |
| 32 New Pond Lane | : | Civil Action No.   2 : 20 - CV - 2727 |
| Levittown, PA 19054 | : | |
| v. | : | |
| | : | |
| Brian J. Mitchell | : | |
| 304 Georgetown Ave.  Gwinhurst | : | |
| Wilmington, DE 19809 | : | |

## COMPLAINT IN CIVIL ACTION
## JURISDICTION STATEMENT

1. Plaintiffs, Jerome and Kimberly Tajc, h/w are married adult individuals and citizens of the United States of America, who reside at the above address.

2. Defendant, Brian J. Mitchell is an adult individual residing at the above address.

3. Jurisdiction is conferred on this Court based on diversity of citizenship pursuant to 28 U.S.C.A. 1332 and damages in excess of $75,000.00

## COUNT I
## JEROME TAJC V. BRIAN J. MITCHELL

4. Plaintiff, Jerome Tajc, incorporates by reference the allegations contained in paragraphs 1 through 3 as if same were set forth herein at length.

5. On or about June 17, 2018, Plaintiff, Jerome Tajc was the owner and operator of a 2008 Toyota Tundra which was stopped while traveling southbound on State Route 476 the northeast extension to the Pennsylvania Turnpike in the Lehigh Valley Tunnel, Lehigh County, Pennsylvania, when he was rear-ended by a 2015 Ford F350 truck being operated by the Defendant and as a result pushed into the rear of the vehicle in front of him.  Kimberly Tajc was a passenger in Jerome Tajc's vehicle.

6.    The aforesaid incident involving the plaintiff, was solely caused as a result of the carelessness, negligence and recklessness of the defendant, acting as aforesaid consisting, *inter alia*, of the following:

   (a)    operating said vehicle at an excessive speed under the circumstances;

   (b)    failing to have said vehicle under proper and adequate control at the time of this accident;

   (c)    operating said vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiffs aforesaid.

   (d)    failing to keep proper distance;

   (e)    otherwise failing to exercise due and proper care under the circumstances;

   (f)    being careless, reckless and negligent as a matter of law; and

   (g)    in other respects which may well be pointed out during discovery or at the time of trial.

7.    The aforesaid accident and resulting injuries to the Plaintiff, Jerome Tajc were caused solely and exclusively by virtue of the negligence, carelessness and recklessness of defendant and was due in no manner whatsoever to any act or failure on the part of the Plaintiff herein.

8.    As a direct and proximate result of the negligence, carelessness and recklessness of the defendant, as set forth herein above, the plaintiff, Jerome Tajc has sustained permanent injuries, including, acute strain and sprain of the cervical, thoracic, lumbosacral spine including multiple cervical disc bulges, aggravation of

previously asymptomatic cervical disc disease. Plaintiff believes and therefore avers that his injuries are permanent in nature.

9. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant set forth herein above, the Plaintiff, Jerome Tajc has incurred and continues to incur financial expenses for medicine and medical care, in order to effectuate a cure for the aforementioned injuries, and may be compelled to expend sums of money for the same purposes in the future and for the rest of his life.

10. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant as set forth herein above, the plaintiff, Jerome Tajc has undergone and is undergoing great physical pain and mental anguish, and may continue to endure same for an indefinite period of time in the future, and for the rest of his life, all to his great detriment and loss.

11. As a direct and proximate result of the negligence carelessness and recklessness of the Defendant as set forth herein above, the Plaintiff, Jerome Tajc has suffered a loss of the enjoyment of life's pleasures, and may continue to suffer such losses in the future, all to his great detriment and loss.

12. As a direct and proximate result of the negligence, carelessness and recklessness of the defendant as set forth herein above, the plaintiff, Jerome Tajc has been unable to attend to his daily chores, duties and activities, resulting in losses, including loss of earnings and earnings power, which losses may continue for an indefinite time into the future, to his great detriment and loss.

WHEREFORE, the plaintiff, Jerome Tajc, claims damages from the Defendant, acting as aforesaid, in an amount in excess of $75,000.00 but not in excess of the statutory limits for arbitration.

## COUNT II
## KIMBERLY TAJC V. BRIAN J. MITCHELL

13. Plaintiff, Kimberly Tajc, incorporates by reference the allegations contained in paragraphs 1 through 12, as if same were set forth herein at length.

14. As a direct and proximate result of the negligence, carelessness and recklessness of the defendant, as set forth herein above, the plaintiff, Kimberly Tajc has sustained permanent injuries, including, acute strain and sprain of the right shoulder, cervical, thoracic and lumbar spine with multiple lumbar disc herniations and protrusions and nerve damage. Plaintiff believes and therefore avers that his injuries are permanent in nature.

15. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant set forth herein above, the Plaintiff, Kimberly Tajc has incurred and continues to incur financial expenses for medicine and medical care, in order to effectuate a cure for the aforementioned injuries, and may be compelled to expend sums of money for the same purposes in the future and for the rest of his life.

16. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant as set forth herein above, the plaintiff, Kimberly Tajc has undergone and is undergoing great physical pain and mental anguish, and may continue to endure same for an indefinite period of time in the future, and for the rest of his life, all to her great detriment and loss.

17. As a direct and proximate result of the negligence carelessness and recklessness of the Defendant as set forth herein above, the Plaintiff, Kimberly Tajc has suffered a loss of the enjoyment of life's pleasures, and may continue to suffer such losses in the future, all to her great detriment and loss.

18. As a direct and proximate result of the negligence, carelessness and recklessness of the defendant as set forth herein above, the plaintiff, Kimberly Tajc has been unable to attend to his daily chores, duties and activities, resulting in losses, including loss of earnings and earnings power, which losses may continue for an indefinite time into the future, to his great detriment and loss.

WHEREFORE, the plaintiff, Kimberly Tajc, claims damages from the Defendant, acting as aforesaid, in an amount in excess of $75,000.00 but not in excess of the statutory limits for arbitration.

## COUNT III
## LOSS OF CONSORTIUM

### JEROME TAJC V. BRIAN J. MITCHELL

19. Plaintiff, Jerome Tajc, incorporates by reference the allegations contained in paragraphs 1 through 18, as if same were set forth herein at length.

20. Plaintiff, Jerome Tajc, is the spouse of plaintiff, Kimberly Tajc, and, as such, has incurred expenses for treatment of his wife's injuries, and may in the future be caused to incur additional expenses as he has in the past.

21. As a result of the aforesaid occurrence, plaintiff, Jerome Tajc, to his great detriment and loss, has been deprived of the society, companionship, services and assistance of his wife, to which he is legally entitled.

WHEREFORE, the Plaintiff, Jerome Tajc, claims damages from the defendant, acting as aforesaid, in an amount in excess of $75,000.00 but not in excess of the statutory limits for arbitration.

## COUNT IV
## LOSS OF CONSORTIUM

### KIMBERLY TAJC V. BRIAN J. MITCHELL

22.    Plaintiff, Kimberly Tajc, incorporates by reference the allegations contained in paragraphs 1 through 21, as if same were set forth herein at length.

23.    Plaintiff, Kimberly Tajc, is the spouse of plaintiff, Jerome Tajc, and, as such, has incurred expenses for treatment of her husband's injuries, and may in the future be caused to incur additional expenses as she has in the past.

24.    As a result of the aforesaid occurrence, plaintiff, Kimberly Tajc, to her great detriment and loss, has been deprived of the society, companionship, services and assistance of her husband, to which he is legally entitled.

WHEREFORE, the Plaintiff, Kimberly Tajc, claims damages from the defendant, acting as aforesaid, in an amount in excess of $75,000.00 but not in excess of the statutory limits for arbitration.

**SILVERMAN & KRAIN**

DONALD A. KRAIN
Attorney for Plaintiffs

Dated:

## **VERIFICATION**

Jerome Tajc hereby states that he is a party in this federal civil action and verifies that the statements made in the foregoing complaint are true and correct to the best of his knowledge, information and belief.

The undersigned understands that the statements therein made are subject to the penalties relating to unsworn falsification to authorities.

_Jerome Tajc_

Jerome Tajc

Dated:

## **VERIFICATION**

Kimberly Tajc hereby states that he is a party in this federal civil action and verifies that the statements made in the foregoing complaint are true and correct to the best of his knowledge, information and belief.

The undersigned understands that the statements therein made are subject to the penalties relating to unsworn falsification to authorities.

Kimberly Tajc

Dated: